Affirmed and Memorandum Opinion filed May 20, 2008








Affirmed and Memorandum Opinion filed May 20, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00398-CR

____________

 

KEITH ALLEN LEWIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 1060264

 



 

M E M O R A N D U M   O P I N I O N

Keith Allen Lewis was convicted of the felony offense of
evading arrest and sentenced to 40 years confinement in the Texas Department of
Criminal Justice, Institutional Division.  Lewis challenges his conviction,
asserting that he suffered egregious harm from the absence of a definition for
lawful detention in the jury charge.








On March 5, 2006 at about 6:30 a.m., a man was driving with
a female passenger and her two-year-old grandson.  As he turned left, his truck
was struck on the passenger side by another truck, causing his truck to flip
and land upside down.  All three occupants exited the vehicle through a window
before the police arrived.  The driver did not see the other vehicle.  However,
the female passenger testified that she saw a Ablack person@ driving a Awhite-looking
truck,@ which drove off
after the collision and did not return.   

A few minutes after hearing the description of a truck
involved in a hit-and-run accident over her police radio, Officer Harlow saw a
truck that matched the description and had heavy front-end damage and a flat
right front tire, driving approximately three miles from the scene of the
accident.  She turned on her lights and sirens, but the driver, Lewis, did not
pull over.  Officer Harlow testified that Lewis accelerated, ran a red light,
ran through stop signs, and finally jumped out of the truck in a residential
neighborhood.  Lewis left the truck running and it rolled forward, hitting another
vehicle.  The officer followed Lewis as he jumped a chain link fence, ending up
in the backyard of his brother=s house, where he was apprehended. 

Lewis testified that he was a passenger in the truck at the
time of the collision.  He testified that the truck was driven by a woman he
knew only as AFi Fi,@ and that the truck was owned by someone
involved with Fi Fi.  After the collision, he jumped out of the truck to check
on the occupants of the other vehicle, but then returned to the truck because
Fi Fi was screaming at him.  Fi Fi ordered him to get back into the truck, and
when he was partially inside, she began to drive, heading to an apartment
complex approximately three minutes away.  After Fi Fi reached the apartment
complex, exited the truck, and went inside, Lewis decided to return to the
scene of the collision.  Lewis testified that on his way back, he saw a police
officer and panicked.  He felt he would be safer at his brother=s house, so he
continued to drive and exited the vehicle once he reached his brother=s house.  The jury
saw video of the Officer Harlow=s pursuit of Lewis.








Lewis was charged by indictment with the felony offense of
evading arrest.  Although this would normally be considered a state jail
felony, it was elevated to a third-degree felony because Lewis was previously
convicted of evading arrest.  Additionally, the indictment contained two
enhancement paragraphs, to which Lewis entered pleas of true, thus elevating
the punishment range to 25 to 99 years confinement in the Texas Department of
Criminal Justice, Institutional Division. 

The jury charge read, in relevant part: AA person commits
the offense of evading arrest or detention if he intentionally flees from a
person he knows is a peace officer attempting to arrest or detain him.  It is a
felony offense if the person uses a vehicle while the person is in flight and
the person has been previously convicted of evading arrest or detention.@  Thus, it did not
state that the peace officer must be lawfully attempting to arrest or
detain him.  The application paragraph stated:

Now, if you find from the evidence beyond a reasonable doubt that on or
about the 5th day of March, 2006, in Harris County, Texas, the defendant, Keith
Allen Lewis, did then and there unlawfully, intentionally flee from H. Harlow,
a peace officer employed by the Baytown Police Department, lawfully attempting
to detain the defendant, and the defendant knew that H. Harlow was a peace
officer attempting to detain the defendant, and the defendant used a motor
vehicle while he was in flight, and before the commission of the offense
alleged herein, on July 29, 2004, in Cause No. 995562, in the 228th District
Court of Harris County, Texas, the defendant was finally convicted of the
offense of evading arrest, then you will find the defendant guilty of evading
arrest or detention, as charged in the indictment.

The
parties made no objection to the jury charge at trial.  Lewis was found guilty
and sentenced to 40 years in the Texas Department of Criminal Justice,
Institutional Division.  Lewis timely appealed, asserting that the absence of a
definition for lawful detention constitutes charge error, and that this error
caused him egregious harm.








The review of alleged jury charge error is a two-step
process.  Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App.
1994); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984), overruled on other grounds, Rodriguez v. State, 758 S.W.2d
787 (Tex. Crim. App. 1988).  First, we examine the jury charge to see if the
trial court erred.  Abdnor, 871 S.W.2d at 731-32.  Second,
if we find that the trial court erred, we must determine if the harm is
sufficient to warrant reversal.  Id.  When a timely objection is made,
error in the jury charge requires reversal if the error was Acalculated to
injure the rights of defendant,@ meaning that the error was not harmless. 
See Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); see also Abdnor,
871 S.W.2d at 731-32.  Because Lewis did not timely object to the jury
charge, any error will not require reversal unless the error is so egregious
that Lewis was not given a fair and impartial trial.  See Almanza, 686
S.W.2d at 174.  If we do find error in the jury charge, we must review the
entire record to determine whether Lewis suffered egregious harm.  Sanchez
v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).  An error in the jury
charge is egregious if Ait affects the very basis of the case,
deprives the defendant of a valuable right, or vitally affects a defensive
theory.@  Id.  We
must assess the degree of harm caused by a charge error Ain light of the
entire jury charge, the state of the evidence, including the contested issues
and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole.@  Almanza,
686 S.W.2d at 171.








The Texas Penal Code states that a person commits the
offense of evading arrest or detention Aif he
intentionally flees from a person he knows is a peace officer attempting lawfully
to arrest or detain him.@  Tex. Penal Code Ann. ' 38.04(a) (Vernon
2001) (emphasis added).  Even if there was error in the jury charge, such error
was not egregious.  Officer Harlow testified that she attempted to detain Lewis
after noticing that his truck had heavy front-end damage and a flat right front
tire, and that it matched the description of a truck involved in a hit-and-run
accident.  Although Lewis denies driving the truck at the time of the accident,
he admitted to driving the truck when he saw Officer Harlow.  Even if Lewis was
not driving the vehicle at the time of the collision, his actions still satisfy
the elements of evading arrest.  According to Lewis=s own testimony,
he panicked when he saw Officer Harlow=s vehicle and
continued to drive towards his brother=s house.  Officer
Harlow testified that she turned on her lights and sirens and followed Lewis as
he accelerated, ran a red light, and ran stop signs.  The jury saw Officer
Harlow=s video of the
pursuit, where Lewis continued to proceed despite Officer Harlow=s attempt to stop
him. 

The absence of a definition for lawful detention does not
affect the basis of this case, deprive Lewis of a valuable right, or
substantially affect a defensive theory.  See Sanchez, 209 S.W.3d 117 at
121.  Lewis offered no evidence that Officer Harlow=s actions in
attempting to detain or arrest him were unlawful.  Lewis=s counsel made no
suggestion at trial, and does not contend on appeal, that the evidence was
insufficient to prove that Officer Harlow was lawfully attempting to detain
Lewis.  Considering the absence of a definition for lawful detention in the
jury charge in light of the entire jury charge and all the evidence presented
at trial, we conclude that even if there was charge error, such error was not
so egregious that Lewis was denied a fair and impartial trial.  See Almanza,
686 S.W.2d at 171-72.   

We affirm the judgment of the trial court.                                     

 

 

/s/      Jeff Brown

Justice

 

 

Judgment rendered and Memorandum
Opinion filed May 20, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.

Do Not Publish C Tex.
R. App. P. 47.2(b).